**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3019
_____

JENNIFER MURPHY MILLINGTON,
                                                    Appellant

v.

MARYANNE ELLENBERGER; CARY BLANCETT; BARRY MITCHELL;
JOYCE STILLWAGON; FEDEX EXPRESS CORPORATION DIVISION OF
GROUND HEADQUARTERS
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:25-cv-00146)
District Judge:  Honorable Gregory B. Williams
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 23, 2026

Before: HARDIMAN, FREEMAN, and SCIRICA, *Circuit Judges*

(Opinion filed: July 21, 2026)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

In February 2025, pro se litigant Jennifer Millington filed an employment-related complaint in the District Court against several defendants, purporting to invoke that court's federal-question jurisdiction under 28 U.S.C. § 1331. On June 25, 2025, the District Court dismissed Millington's complaint for failure to state a claim upon which relief may be granted. That dismissal was without prejudice to her ability to file an amended complaint within 30 days. But she did not subsequently file an amended complaint.[1] As a result, on August 18, 2025, the District Court dismissed her case with prejudice. Three days later, she submitted a one-page letter claiming that the presiding District Judge was biased against her. That judge construed the letter as a motion to recuse and, on September 18, 2025, denied that relief. This appeal followed.

A notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). This requirement is jurisdictional. *See Witasick v. Minn. Mut. Life Ins. Co.*, 803 F.3d 184, 190 (3d Cir. 2015). Although there is at least some question whether Millington's notice of appeal complied with this requirement, we need not answer that question to resolve this case. For one thing, since her appellate brief does not mention the District Court's June 25, 2025 and August 18, 2025 orders, attack the bases for those orders, or otherwise meaningfully

---

[1] Over a month before the District Court issued its June 25, 2025 order, Millington filed a one-page document that was docketed as an "Amended Complaint." *See* Dist. Ct. Dkt. No. 10. But that document was not a true amended complaint, as it merely sought to add a defendant that was already being treated as a defendant in this case. As a result, the District Court, in its June 25, 2025 order, dismissed that filing as moot.

2

address those orders, she has forfeited the ability to challenge them. *See In re LTC Holdings, Inc.*, 10 F.4th 177, 181 n.1 (3d Cir. 2021); *see also Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[J]urisdiction is vital only if the court proposes to issue a judgment on the merits." (alteration in original) (citation to quoted case omitted)). Furthermore, we need not possess appellate jurisdiction to review the District Court's September 18, 2025 order denying Millington's recusal motion, for we may liberally construe Millington's notice of appeal as a petition for a writ of mandamus and review that order pursuant to our mandamus jurisdiction. *See In re Arunachalam*, 812 F.3d 290, 292 (3d Cir. 2016) (per curiam) ("A District Judge's denial of a disqualification is properly reviewable by mandamus, at least when disqualification is sought under 28 U.S.C. § 455."); *Nascone v. Spudnuts, Inc.*, 735 F.2d 763, 773 (3d Cir. 1984) (indicating that this Court "has the discretion to treat an improper claim to an appeal as of right as [a] petition for mandamus").[2]

Construing Millington's notice of appeal as a mandamus petition, we review the District Court's September 18, 2025 order denying her recusal motion for abuse of discretion. *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 300-01 (3d Cir. 2004).[3] And based on our review, we find no abuse of discretion. Put simply, there is no evidence that the presiding District Judge was biased against Millington or that his recusal was

---

[2] Millington's brief, liberally construed, has preserved a challenge to that order.

[3] The abuse-of-discretion standard would apply even if we were reviewing this order pursuant to our appellate jurisdiction. *See United States v. Ciavarella*, 716 F.3d 705, 717 n.4 (3d Cir. 2013).

3

otherwise warranted. *See generally Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . .").

In light of the above, we will dismiss this appeal and, to the extent that we liberally construe Millington's notice of appeal as a mandamus petition, we will deny that petition.